USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-2303 MICHAEL GILL, Plaintiff, Appellant, v. SCOT THOMAS, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. David M. Cohen, U.S. Magistrate Judge] _____________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Cynthia A. Dill for appellant. _______________ Edward R. Benjamin with whom Anne Skopp and Preti, Flaherty, ___________________ ___________ _________________ Beliveau & Pachios were on brief for appellees. __________________ ____________________ May 15, 1996 ____________________ STAHL, Circuit Judge. Plaintiff-appellant Michael STAHL, Circuit Judge. _____________ Gill sought redress under 42 U.S.C. 1983 in Maine's federal district court for a police officer's alleged use of excessive force in arresting him following a routine traffic stop. After a two-day trial before a magistrate judge,1 the jury returned a verdict for the police officer. Gill appeals the magistrate judge's denial of his in limine motion to __ ______ preclude evidence of his prior misdemeanor convictions. Because we find that Gill waived his right to appeal the in __ limine ruling, we affirm.  ______ I. I. __ Background Background __________ A. The Incident ________________ On the night of November 27, 1993, Officer Scot Thomas of the South Berwick, Maine, Police Department stopped Michael Gill for driving with defective taillights. After obtaining Gill's driver's license and registration, Officer Thomas contacted the police dispatcher from his cruiser and learned that Gill's privilege to operate a motor vehicle in Maine had been suspended. Back at Gill's truck, Officer Thomas notified Gill of the suspension and the resulting need to arrest him.   ____________________ 1. Under Fed. R. Civ. P. 73, the parties consented to the magistrate judge, rather than the district judge, conducting the jury trial. -2- 2 Gill and Officer Thomas both agree that the following sequence of events occurred thereafter: (1) Gill claimed that the suspension was a mistake, (2) Gill initially refused Thomas's request to place his hands on the cruiser, (3) Thomas's police dog bit Gill's arm, (4) Gill threatened to sue Thomas, and (5) Thomas sprayed Gill's face with mace.  Predictably, however, Gill's and Thomas's stories diverge on the question of their respective roles in the foregoing events. While Gill maintains that he offered no physical resistance to Thomas and therefore the dog's attack and the mace were an excessive use of force, Officer Thomas contends that Gill physically resisted his attempts to effect the arrest and therefore the amount of force was justified. B. The In Limine Motion and Ruling ___________________________________ Cognizant that his credibility would be the decisive factor at the impending jury trial, Gill filed a motion in limine seeking to preclude Thomas from inquiring __ ______ about five of Gill's seven misdemeanor convictions.2 In particular, Gill sought to exclude evidence of his two convictions for simple assault as well as his convictions for resisting arrest, criminal mischief, and willful concealment.  Gill argued that because none of the five misdemeanors involved dishonesty or false statement or was punishable "by  ____________________ 2. Gill conceded that his prior convictions for filing a false report and theft by deception were admissible under Fed. R. Evid. 609(a)(2). -3- 3 death or imprisonment in excess of one year," they could not be admitted under Rule 609 of the Federal Rules of Evidence.  Thomas responded that while four3 of the five misdemeanors were outside the parameters of Rule 609, each was nonetheless admissible to impeach Gill's answer to interrogatory #7. Interrogatory #7 asked: If you have been convicted of a crime involving potential punishment of one ___ year or more or involving dishonesty or ____________ moral turpitude, please set forth the nature of the crime, the date of each conviction, the name of each court where the conviction took place, and a full description of any and all sentences imposed. (Emphasis added). Gill replied "No." Thomas argued that Gill's failure to list the five misdemeanors (each of which involved terms of imprisonment of "up to one year") as well as the convictions for filing a false report and theft by deception (both of which patently involved dishonesty) constituted a false statement under oath, and Thomas should be permitted to impeach Gill with this falsity at trial. After a hearing, the magistrate judge denied the in __ limine motion and stated that he would permit Thomas to ______ question Gill about his convictions for the limited purpose of illustrating the inconsistency between Gill's  ____________________ 3. Thomas argued that Gill's conviction for willful concealment may have involved dishonesty or false statement and requested that the magistrate judge question Gill about the facts surrounding his commission of this offense in order to facilitate that determination. -4- 4 interrogatory answer and "the apparent fact that he has been convicted for a number of crimes which would have required him to answer that interrogatory differently." The magistrate judge also indicated that he would give a limiting instruction to the jury if and when such testimony was elicited.  C. Presentation of the Misdemeanor Evidence at Trial _____________________________________________________ After opening arguments, Gill took the stand as his own first witness. In response to his attorney's questions, Gill described the events surrounding his arrest and then proceeded to enumerate each of his criminal convictions and describe the circumstances surrounding them (to the extent he could remember). For instance, after testifying that he had been convicted of simple assault on June 10, 1985, Gill recalled the circumstances of that crime by stating, "I think that was involved again with the DWI." Gill was alluding to his previous testimony about a driving-while-intoxicated incident following which he was convicted for resisting arrest. Gill then addressed his answer to interrogatory #7.  Admitting that his answer was inaccurate, Gill explained that he had mistakenly read the interrogatory to be asking about felonies and believed that his convictions for filing a false report and theft by deception did not involve dishonesty.  Finally, Gill squarely addressed his credibility in light of -5- 5 his checkered criminal past and erroneous answer to interrogatory #7, testifying as follows: Q: Mr. Gill, in light of this long criminal history that we've just gone through, including some crimes which involved some kind of dishonesty, how do you expect the jury to believe the story you've just told us about what happened with Officer Thomas? A: . . . I quit drinking in 1989 with the help of a friend and have been trying since then to turn my life around. . . . Things that I can change about myself and I have been changing, and I have since 1989 is I'm not a liar, and I'm not a thief.  On cross-examination, Officer Thomas also questioned Gill about his answer to interrogatory #7. For each of Gill's convictions, Thomas asked whether Gill had listed that particular conviction in his answer to interrogatory #7, to which Gill repeatedly answered that he had not. In the course of inquiring about Gill's January 1983 conviction for resisting arrest and his June 10, 1985, conviction for assault, Thomas highlighted what had already been brought out on direct, i.e., that both convictions ____ involved a police officer who was trying to place Gill in custody. Having offered the evidence of his criminal record himself, Gill neither requested a jury instruction limiting the purpose for which this evidence could be used nor objected to Thomas's questions regarding these convictions on -6- 6 cross-examination. The jury subsequently returned a verdict for Officer Thomas, and this appeal ensued. II. II. ___ Analysis Analysis ________ Gill appeals the magistrate judge's denial of his in limine motion, arguing that the five misdemeanor __ ______ convictions were inadmissible under Rule 609 of the Federal Rules of Evidence. Gill maintains that but for the magistrate judge having indicated that he would permit Thomas to raise them on cross-examination, Gill never would have revealed his misdemeanor convictions on direct examination.  Our case law instructs us, however, that Gill chose to introduce his convictions on direct examination at his peril and cannot be heard to complain on appeal of the admission of such evidence. In Fusco v. General Motors Corp., 11 F.3d 259, 262 _____ ____________________ (1st Cir. 1993), we held that when a party's in limine motion __ ______ to exclude evidence is denied, she cannot rely on her objection to the in limine ruling to preserve the right to __ ______ appeal the admission of the contested evidence. She must renew her objection at trial "when the evidence is actually offered."4 Id.; see also Adams v. Fuqua Indus., Inc., 820 ___ ___ ____ _____ __________________  ____________________ 4. Fusco also held, however, that where the in limine motion _____ __ ______ to exclude is granted and the proponent of the evidence is unconditionally precluded from presenting the evidence at trial, the proponent has preserved the issue for appeal and need not renew the offer at trial. 11 F.3d at 262-63. See ___ -7- 7 F.2d 271, 274 (8th Cir. 1987) ("[M]otion in limine does not __ ______ preserve error [in subsequent admission of evidence] for appellate review."); Petty v. Ideco, Div. of Dresser Indus., _____ ______________________________ Inc., 761 F.2d 1146, 1150 (5th Cir. 1985) ("[A] party whose ____ motion in limine is overruled must renew his objection when __ ______ the error he sought to prevent is about to occur at trial."). We require this renewal in order to give the district court an opportunity to "reconsider the ruling with the concrete evidence presented in the actual context of the trial." Fusco, 11 F.3d at 262; see also United States v. _____ ___ ____ _____________ Griffin, 818 F.2d 97, 105 (1st Cir.) (holding that "to raise _______ and preserve for review the claim of [evidentiary error], a party must obtain the order admitting or excluding the controversial evidence in the actual setting of the trial"), cert. denied, 484 U.S. 844 (1987). Without such a _____ ______ requirement, the reviewing court would be forced to speculate whether the party who proposed to offer the evidence would have done so at trial and whether, if she had offered the evidence, the district court would have changed its in limine __ ______ ruling "in the give-and-take of live testimony." United ______ States v. Nivica, 887 F.2d 1110, 1115-16 (1st Cir. 1989), ______ ______  ____________________ also United States v. Holmquist, 36 F.3d 154, 166 n.12 (1st ____ _____________ _________ Cir. 1994) (discussing situations in which the proponent of evidence excluded by a pretrial in limine ruling will be __ ______ deemed to have preserved the issue for appeal without proffering the excluded evidence during the trial), cert. _____ denied, 115 S. Ct. 1797 (1995). ______ -8- 8 cert. denied, 494 U.S. 1005 (1990). Thus, Gill cannot rely _____ ______ solely on his in limine objection to preserve the evidentiary __ ______ issue for appeal.  At trial, rather than waiting for Thomas to introduce the misdemeanors, objecting, and allowing the magistrate judge to reconsider his in limine ruling, Gill __ ______ opted to introduce the misdemeanors preemptively to "remove the sting" from Thomas's anticipated impeachment. While this may have been a wise tactical decision, as a consequence, Gill "opened the door" to Thomas's cross-examination on the misdemeanors and thereby eliminated any potential evidentiary error. Moreover, having offered the misdemeanors himself and having received the strategic benefit therefrom, Gill cannot now be heard to complain that his own offer of such evidence was reversible error. See United States v. Williams, 939 ___ _____________ ________ F.2d 721, 723-25 (9th Cir. 1991) (holding that by introducing evidence of conviction himself defendant waived right to appeal in limine ruling that evidence of prior conviction was __ ______ admissible for impeachment); United States v. Bryan, 534 F.2d _____________ _____ 205, 206 (9th Cir. 1976) (refusing to allow defendant to complain about the admission of evidence about a prior conviction when defendant introduced the offending fact in the first instance); Shorter v. United States, 412 F.2d 428, _______ _____________ 431 (9th Cir.) (same), cert. denied, 396 U.S. 970 (1969). _____ ______ -9- 9 To preserve his in limine objection to the __ ______ admissibility of the misdemeanor convictions for this appeal, Gill should have refrained from offering the evidence himself, waited to see if Thomas introduced them on cross- examination, and if so, objected then. In sum, Gill's own action of offering the misdemeanor evidence himself rendered it admissible. Or stated differently, by offering the misdemeanor evidence himself, Gill waived his opportunity to object and thus did not preserve the issue for appeal.  Affirmed. Affirmed ________ -10- 10